UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
TRUSTEES OF THE LOCAL 522
WELFARE FUND OF NEW YORK
and NEW JERSEY,

                      Plaintiff,

      -against-

FLEXWRAP CORP.,

                      Defendant.
-----------------------------------------------------------------x

MEMORANDUM
AND ORDER

09-CV-1417 (ILG)

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

The Court is in receipt of defense counsel's request for an extension of time to file the joint pretrial order ("JPTO"), defendant's portion of which was originally due on September 17, 2010, see Minute Order (Aug. 5, 2010) ECF Docket Entry ("D.E.") #36; in response to a letter from plaintiff's counsel advising that the defense had ignored that deadline, the Court gave defendant until October 8, 2010, to serve its portion of the JPTO on plaintiff. See Endorsed Order (Oct. 5, 2010) ("10/5/10 Order"), D.E. #38. Rather than comply with that order, defense counsel waited until just before the close of business prior to a holiday weekend before seeking an extension of that deadline until October 15, 2010. See Letter to the Court from Thomas J. Fellig (Oct. 8, 2010) ("Def. Letter"), D.E. #41.[1]

---

[1] Defense counsel's letter implies that the request for additional time was "at the suggestion of" the law clerk with whom he spoke by phone. See Def. Letter. That is inaccurate. When defense counsel called and requested that he be permitted to speak with the Court *ex parte* in order to move to be relieved from representing defendant, my law clerk informed counsel that he should file a written motion to be relieved and suggested that he request permission to file
(continued…)

Defense counsel's request for yet another extension is denied without prejudice, as no showing of good cause has been made. In fact, as noted in the Court's recent endorsed order, this case has been characterized by "a series of derelictions on the part of defendant and defense counsel." 10/5/10 Order.

Any request by defense counsel to be relieved must be filed by tomorrow at noon, and must be supported by a sworn statement of counsel.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**October 12, 2010**

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**

---

[1](…continued)
an *ex parte* supporting declaration. Defense counsel said nothing about requesting a further extension of time to serve and file the JPTO, and the Court expected that the motion to be relieved would be filed that day, before the deadline for serving defendant's portion of the JPTO expired.